# IN THE COURT OF APPEALS OF IOWA

No. 23-1060
Filed July 3, 2024

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**NATHAN ALLEN WILSON,**
　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman (sentencing), Judge.

A defendant appeals his prison sentences. **AFFIRMED**.

Martha J. Lucey, State Appellate Defender, and Josh Irwin and Michelle E. Rabe (until withdrawal), Assistant Appellate Defenders, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**TABOR, Presiding Judge.**

Nathan Wilson appeals his prison sentence stemming from the discharge of a weapon followed by a six-hour standoff with police. Wilson pleaded guilty to reckless use of a firearm causing bodily injury, interference with official acts while armed, and intimidation with a dangerous weapon. The district court sentenced him to two terms not to exceed five years and one term not to exceed ten years, to run concurrently. Wilson now contends the district court should have suspended the prison sentence and instead placed him in residential treatment. We find no abuse of discretion in the sentencing, thus, we affirm.

## I.     Facts and Prior Proceedings

In December 2021, Wilson's neighbors reported hearing gunshots. Cedar Falls police responded to the scene and found the victim, an acquaintance of Wilson, in a wooded area. The victim told police that Wilson shot him, leaving "buckshot in his butt." Officers found Wilson in his driveway, but Wilson ignored them and retreated into his house. Wilson refused to leave his house until a friend contacted him, and police overheard Wilson admit shooting the victim. Police also heard Wilson threaten to kill law enforcement and to blow up the house. For six hours, police officers negotiated with Wilson. The standoff ended with a SWAT team releasing tear gas inside the residence, driving Wilson out. Once he was outside, officers arrested Wilson without incident and transported him to the hospital when he complained of a heart attack. They transferred Wilson to jail a few days later.

Stemming from the shooting and standoff, the State charged Wilson with five counts: (I) intimidation with a dangerous weapon, a class "C" felony in violation

of Iowa Code section 708.6(1) (2021); (II) willful injury causing bodily injury, a class "D" felony in violation of section 708.4(2); (III) interference with official acts while armed, a class "D" felony in violation of sections 719.1(1)(a) and 719.1(1)(f); (IV) reckless use of a firearm causing bodily injury, a class "D" felony in violation of section 724.30(2); and (V) assault by use or display of a dangerous weapon, an aggravated misdemeanor in violation of sections 708.1 and 708.2(3).

In May 2023, the court accepted Wilson's *Alford* plea[1] to counts I, III, and IV and dismissed the other two counts. The court found the minutes of testimony, as well as Wilson's statements in court, to be a sufficient factual basis to accept the plea. The court also ordered a presentence investigation (PSI) report.

At his June 2023 sentencing, Wilson requested probation with placement in a residential facility to address his mental-health and substance-use problems. As reasons he would succeed with a suspended sentence, he asked the court to consider the seven-year gap in his criminal history, the lack of any felony convictions, and his positive work history. But Wilson acknowledged he "probably has a drug problem" related to his methamphetamine use that he has not addressed. Wilson also noted that the bipolar and schizophrenia medications prescribed to him were helping his mental health.

The court considered Wilson's criminal history, the nature of his offenses, his age and education, as well as his needs and those of society. In rejecting a suspended sentence, the court focused on the injuries to the victim's backside and Wilson's dangerous standoff with police. The court also noted Wilson's probation

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("[A]n express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty.").

status at the time of the offense and his failure to comply with pretrial supervision. The court likewise considered Wilson's substance-use and mental-health issues when ordering evaluations for both. The court determined that sentencing Wilson to concurrent terms of ten years for count I, five years for count III, and five years for count IV, was appropriate based on the circumstances. Wilson appeals.[2]

## II.    Scope and Standard of Review

We review sentencing decisions for an abuse of discretion; we rarely find abuse unless the district court considers inappropriate factors when imposing the sentence. *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983). We afford a strong presumption to the sentencing decision and the complaining party must overcome that presumption. *Id.*

## III.    Analysis

Wilson argues that, in rejecting his request for probation, the district court disregarded mitigating factors such as his lack of felony convictions, stable living situation, and solid work history.[3] He also contends the court did not discuss mental-health and substance-use treatment options available in the community.

A sentencing court must consider the range of options to determine which will provide maximum opportunity for rehabilitation and to protect the community. Iowa Code § 901.5. The court must weigh a host of factors including "the nature

---

[2] Both parties agreed under Iowa Code § 814.6(1)(a)(3) Wilson had good cause to appeal because he challenges his sentence rather than his guilty plea. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[3] In his appellant's brief, Wilson also argues that the court ignored his eligibility for a deferred judgment. But his trial attorney correctly noted he was not eligible because he had received two deferred judgments. *See* Iowa Code § 907.3(2).

of the offense, the attending circumstances, the age, character, and propensity of the offender, and the chances of reform." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (citations omitted).

Contrary to Wilson's contention, the sentencing court contemplated the necessary factors. The court referenced the peril posed by Wilson's hours-long resistance to police intervention, while he was on probation. And the court highlighted Wilson's history of drug offenses, as well as his behavior related to pretrial appearances. Taken together, those considerations prompted the court to impose a prison term over a suspended sentence. Because the court weighed the relevant factors, we find no abuse of discretion in the sentencing. *See id.* at 724–25.

What's more, when considering the necessary factors, the sentencing court need not "specifically acknowledge each mitigating factor" raised by the defense. *State v. Phillips*, 996 N.W.2d 419, 422 (Iowa Ct. App. 2023). And contrary to Wilson's argument, the court did consider his mental health and addiction. But it did not view those factors as mitigating. Instead, the court said: "If probation was not enough to stop you from using drugs . . . and being involved in this offense, there's nothing that makes me think that another term of probation is appropriate." The court did not abuse its discretion when imposing a prison sentence rather than suspending the sentence in favor of residential treatment.

**AFFIRMED.**